**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NORTHEASTERN DIVISION**


| | |
|---|---|
| MICHAEL VIRGA              ] | |
|     Petitioner,        ] | |
|                      ] | |
| v.                  ] | No. 2:14-0103 |
|                      ] | Judge Sharp |
| WARDEN SHARON TAYLOR   ] | |
|     Respondent.        ] | |


## M E M O R A N D U M


The petitioner, proceeding *pro se*, is an inmate at the Northeast Correctional Complex in Mountain City, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Sharon Taylor, Warden of the facility, seeking a writ of habeas corpus.

### I. Background

On February 14, 2007, a jury in Putnam County found the petitioner guilty of aggravated arson and first degree felony murder. Docket Entry No.21-1 at pgs.60-63. For these crimes, he received concurrent sentences of twenty (20) years and life imprisonment, respectively. Docket Entry No.21-4 at pgs.82-84.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. Docket Entry No.21-11. The Tennessee Supreme Court later denied the petitioner's application for further direct review. Docket Entry No.2-1 at pg.3.

In May, 2010, the petitioner filed a *pro se* petition for state post-conviction relief in the Criminal Court of Putnam County. Docket Entry No.21-13 at pgs.1-67. Following the appointment of counsel, an amendment of the petition, and an evidentiary hearing, the trial court denied the petitioner post-conviction relief. Docket Entry No.21-14 at pgs.37-45.

On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.21-20. Once again, the Tennessee Supreme Court rejected petitioner's application for additional discretionary review. *Id.*

## II. Procedural History

On October 2, 2013, the petitioner initiated the instant action with the *pro se* filing of a petition for writ of habeas corpus (Docket Entry No.2) in the Eastern District of Tennessee. By an order (Docket Entry No. 11) entered November 19, 2014, the case was transferred to this judicial district.

The petition contains four primary claims for relief with various sub-issues. These claims include:

1)   the trial court erred in refusing to
     suppress the petitioner's confession;

2)   the petitioner was denied the effective
     assistance of trial counsel[1]
          a) failure to properly investigate
     and prepare for the pre-trial suppression

---

[1] At trial, the petitioner was represented by H. Marshall Judd and Allison Roberts, Assistant Public Defenders in Putnam County, and Edwin Sadler, a member of the Trousdale County Bar.

hearing;

     b) failure to interview and call favorable witnesses to testify at trial;

     c) failure to develop an appropriate defense strategy;

     d) failure to prepare for the state's expert testimony;

     e) failure to conduct a competent cross examination of the state's expert witnesses;

     f) during closing argument, counsel lessened the state's burden of proof;

     g) failure to pass on plea offers to the petitioner;

     h) failure to have preliminary hearing tapes transcribed for use during cross examination of the state's witnesses;

     i) failure to introduce petitioner's hospital records;

     j) failure to insist that petitioner's previous statements concerning his involvement in the fire be admitted into evidence;

     k) failure to effectively cross examine "as to the time and place petitioner gave the statements and as to when petitioner was given his Miranda warnings";

     l) failure to include a Miranda claim in the motion to suppress;

     m) failure to cross examine law enforcement officials about their notes;

     n) failure to object to the jury being told that another charge in the indictment had been dismissed;

     o) failure to make an effective opening statement;

     p) failure to have juror Crouch struck from the jury; and

     q) the cumulative effect of these errors denied petitioner the effective assistance of trial counsel;

3)    the petitioner was denied effective assistance of appellate counsel because his attorney failed to raise additional claims on appeal;[2]

---

[2] On direct appeal, the petitioner was represented by F. Chris Cawood, a member of the Roane County Bar.

and

4)   the petitioner was denied effective assistance
     of post-conviction counsel when his attorney
     neglected "to call the requisite expert at
     the evidentiary hearing to disprove the
     forensic and scientific evidence".[3]

Upon its receipt, the Court reviewed the petition and found
that it contained at least one colorable claim for relief. For that
reason, an order (Docket Entry No.13) was entered directing the
respondent to file an answer, plead or otherwise respond to the
petition. Rule 4, Rules --- § 2254 Cases.

Presently before the Court is the respondent's Answer (Docket
Entry No.22), to which the petitioner has filed no Reply. Having
carefully considered the petition, respondent's Answer, and the
expanded record, it does not appear that an evidentiary hearing is
needed in this matter. *See* <u>Smith v. United States of America</u>, 348
F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required
when the record conclusively shows that the petitioner is entitled
to no relief). Therefore, the Court shall dispose of the petition
as the law and justice require. Rule 8(a), Rules - - - § 2254
Cases.

### III. Analysis of the Claims

### A.) Ineffectiveness of Post-Conviction Counsel

The petitioner alleges that post-conviction counsel was

---

[3] During post-conviction proceedings, the petitioner was
represented by Ricky Jenkins, a member of the White County Bar.

ineffective for failing to obtain the services of an expert to testify at the post-conviction evidentiary hearing (Claim No.4).

In order to sustain a claim for federal habeas corpus relief, the petitioner must set forth factual allegations suggesting that the fact or duration of his incarceration is in some way constitutionally defective. 28 U.S.C. § 2254(a); <u>Koontz v. Glossa</u>, 731 F.2d 365, 368 (6th Cir. 1984). A state is not constitutionally required to provide convicted felons with a means by which they can collaterally attack their convictions. <u>Pennsylvania v. Finley</u>, 481 U.S. 551 (1987). Thus, a federal writ of habeas corpus will not issue when the petitioner is merely challenging errors or deficiencies related to a state post-conviction proceeding. <u>Kirby v. Dutton</u>, 794 F.2d 245 (6th Cir. 1986).

The petitioner claims that he was denied the effective assistance of counsel during the course of his post-conviction proceedings. However, there is no constitutional right to an attorney in state post-conviction proceedings. <u>Finley</u>, *supra*. Consequently, the petitioner cannot claim constitutionally ineffective assistance of counsel during such proceedings. <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991).

**B.) Procedurally Defaulted Claims**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28

U.S.C. § 2254(b)(1).

While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). As a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his federal claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982); Lyons v. Stovall, 188 F.3d 327,331 (6th Cir.1999). The petitioner must offer the state courts both the factual and legal bases for his claims. Hicks v. Straub, 377 F.3d 538,552 (6th Cir.2004). In other words, the petitioner must present "the same claim under the same theory" to the state courts. *Id.* It is not enough that all the facts necessary to support a federal claim were before the court or that the petitioner made a somewhat similar state law claim. Anderson v. Harless, 459 U.S. 4,6 (1982).

Once petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[4]

---

[4] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; *see also* Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

Several ineffective assistance claims were never presented to the state courts for consideration during either direct appeal or during post-conviction proceedings. These claims include alleged deficiencies in the representation of both trial (Claim Nos.2f-n) and appellate counsel (Claim No.3). *See* Docket Entry No. 21-9 (direct appeal); Docket Entry No. 21-18 (post-conviction).[5]

Unfortunately, at this late date, it appears that the petitioner is no longer able to raise these claims in the state courts. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these ineffective assistance claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim *via* procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the

---

[5] Claim No.2f alleges that counsel was ineffective for lessening the state's burden of proof during closing argument. Docket Entry No.2-1 at pg.28. During his post-conviction proceedings, the petitioner did allege that counsel had been ineffective during closing argument. However, he did not argue that the ineffectiveness was due to a lessening of the state's burden of proof. Therefore, this particular issue was never raised in the state courts. Docket Entry No.21-18 at pg.30.

Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of a federal constitutional issue forfeits the right to federal review of that issue, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation. Gray v. Netherland, 518 U.S. 152, 162 (1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. United States v. Frady, 456 U.S. 152, 170-72 (1982).

The petitioner's pleadings offer nothing to suggest cause for his failure to exhaust these ineffective assistance claims in the state courts in a timely manner. Nor has there been a showing of prejudice arising from the alleged deficiencies. As a consequence, these claims will not support an award of federal habeas corpus relief. Teague v. Lane, 489 U.S. 288, 297-98 (1989)(denial of a claim is appropriate when the federal claim was not raised in the

state appellate courts for review).

**C.) Fully Exhausted Claims**

The petitioner's remaining claims, i.e., the failure to suppress his statement to the police (Claim No.1) and instances of ineffective assistance on the part of trial counsel (Claim Nos.2a-e, 2o-q) were considered by the state courts on the merits and have been fully exhausted. Docket Entry No.21-9 (direct appeal); Docket Entry No.21-18 (post-conviction).

The availability of federal habeas corpus relief is limited with respect to claims that have been previously adjudicated on the merits in state court. Harrington v. Richter, 131 S.Ct. 770,780 (2011). When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. Lundgren v. Mitchell, *supra* at 762, *citing* Williams v. Taylor, 529 U.S. 362,413 (2000). To grant the

writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. *Id.* In short, state court judgments must be upheld unless the Court finds that the state court's application of federal law was "objectively unreasonable", rather than simply incorrect. Goodell v. Williams, 643 F.3d 490,495 (6th Cir.2011). A state court's application of federal law is objectively unreasonable if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with the Supreme Court's precedents. Harrington, *supra* at 131 S.Ct. 786.

### Admissibility of Petitioner's Confession

Prior to questioning, the petitioner signed a waiver form acknowledging that he understood his Miranda rights. Docket Entry No.21-8 at pg.48. He then gave the police a statement in which he admitted to starting the fire that killed his girlfriend. *Id.* at pgs.49-51.

The petitioner claims that this statement should have been suppressed prior to trial because (1) he was intoxicated at the time he gave the statement, (2) he was suffering from a lack of sleep, and (3) the statement was not entirely accurate as written. (Claim No.1).

The Fifth Amendment guarantees that no individual can be

compelled to bear witness against himself. Thus, a defendant's statement to the police must be suppressed if it was not made voluntarily, knowingly and intelligently. <u>Miranda v. Arizona</u>, 384 U.S. 436,444 (1966).

Prior to trial, the court conducted a suppression hearing to ascertain whether the petitioner's statement had been freely given. Docket Entry No.21-5. The two officers who took petitioner's statement testified that he appeared to be neither intoxicated nor sleep deprived. The petitioner signed a waiver of his rights and signed the statement as written by one of the officers. The court's finding that petitioner's statement was freely and knowingly given is supported by the record. Therefore, the Court finds no merit in this claim.

## Ineffective Assistance of Trial Counsel

The petitioner's remaining eight claims challenge the effectiveness of trial counsel. More specifically, the petitioner alleges that counsel was ineffective for failing to properly investigate and prepare for the pre-trial suppression hearing (Claim No.2a). In addition, counsel allegedly failed to adequately prepare for trial (Claim Nos.2b-d), failed to conduct a competent cross examination of the state's expert witnesses (Claim No.2e), failed to make an effective opening statement (Claim No.2o), and neglected to have a juror struck from the jury (Claim No.2p). The petitioner also believes that the cumulative effect of these errors

served to deny him effective assistance of counsel (Claim No.2q).

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. <u>McMann v. Richardson</u>, 379 U.S. 759,771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Prejudice arises when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694. When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. <u>Mallett v. United States</u>, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner's ineffective assistance claims were considered and exhausted by the state courts during the post-conviction process. The state courts determined that the petitioner had failed to carry his burden of showing that he had been prejudiced by any perceived deficiencies in counsel's representation. *See* Docket Entry No.21-20 at pgs.11-13. Consequently, the state courts held that counsel had not been ineffective.

The conclusion reached by the state courts as to the effectiveness of trial counsel is not contrary to or an

unreasonable application of federal law. The jury heard strong evidence of arson and petitioner's admission to starting the fire. In light of such evidence, there does not appear to be a reasonable probability that, but for counsel's perceived errors, the outcome of petitioner's trial would have been different. Therefore, these claims also have no merit.

## IV. Conclusion

The petitioner's ineffective assistance of post-conviction counsel claim (Claim No.4) is not cognizable in this action. The petitioner has procedurally defaulted on several of his ineffective assistance of counsel claims (Claim Nos.2f-n,3).

The state courts determined that the petitioner's fully exhausted claims with respect to the suppression of petitioner's statement to the police (Claim No.1) and his remaining ineffective assistance claims (Claim Nos.2a-e,2o-q) lacked merit. The record supports this finding. The petitioner has failed to demonstrate in what way the legal analysis of the state courts ran contrary to or involved an unreasonable application of federal law. Accordingly, having carefully reviewed the record, it appears that the petitioner's habeas corpus petition should be dismissed.

An appropriate order will be entered.

_____
Kevin H. Sharp
Chief District Judge

13